UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMALL CHAPMAN,

      Plaintiff,

                                      Criminal No.  02-81149-07
v.                                 Civil  No. 05-71211

UNITED STATES OF AMERICA,          HONORABLE AVERN COHN

      Defendant.

_____/

## MEMORANDUM AND ORDER DENYING PETITIONER'S § 2255 MOTION

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2255.  Pro se petitioner Romall Chapman (Chapman) says that he is incarcerated in violation of his constitutional rights.  Specifically, Chapman claims that (1) he had ineffective assistance of counsel at sentencing, (2) his sentence is unlawful because it was based on facts that were neither admitted nor proved beyond a reasonable doubt, and (3) he should be re-sentenced in light of U.S. v. Booker, __ U.S. __, 125 S.Ct. 738 (2005).  For the reasons that follow, the motion is DENIED.

### II.  Factual Background and Procedural History

Chapman was indicted on December 19, 2002.  The indictment charged Chapman with conspiracy to possess with intent distribute and to distribute 1,000 kilograms or more of marijuana between January 1999 and April 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Chapman signed a Fed. R. Crim. P. 11 plea agreement (plea agreement) with the government on or before September 5, 2003.  He acknowledged in the plea agreement that

the Court could consider any relevant conduct in determining the appropriate sentence. In the plea agreement, Chapman admitted, inter alia, that he entered into a criminal conspiracy to possess with the intent to distribute 1,000 kilograms of marijuana for the charged time period.  The plea agreement also contained a provision setting forth a recommendation of not more than 120 months.

On September 16, 2003, Chapman pleaded guilty to the charged offense.  Satisfied that the plea was free and voluntary and that Chapman was guilty, the Court accepted the guilty plea.

On March 23, 2004, the Court sentenced Chapman to 120 months confinement, the statutory minimum sentence under 28 U.S.C. § 841(b)(1)(A)(vii) (requiring a 10-year minimum sentence for 1,000 or more kilograms of marijuana), and a 5-year term of supervised release to follow.

On March 29, 2005, Chapman filed the instant motion for collateral review. According to both Chapman's § 2255 motion and the government's response, Chapman did not pursue an appeal to the Court of Appeals.

### III. Analysis

### A.  Ineffective Assistance of Counsel Claim

In Kinnard v. U.S, 313 F.3d 933, 935 (6th Cir. 2002), the Sixth Circuit restated the test for ineffective assistance of counsel, relying on Strickland v. Washington, 466 U.S. 668 (1984):

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from deficient performance. The first prong requires a showing that counsel made errors so

serious that counsel was not functioning as the "counsel" guaranteed the
defendant by the Sixth Amendment.  The second prong requires a showing
that counsel's errors were so serious as to deprive the defendant of a fair
trial.

A court need not determine whether counsel's performance was
deficient before examining the prejudice suffered by the defendant as a result
of the alleged deficiencies. . . .  If it is easier to dispose of an ineffectiveness
claim on the ground of lack of sufficient prejudice. . . that course should be
followed.

To establish prejudice, the defendant must establish "a reasonable
probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome."  To determine
if [the petitioner] was prejudiced by his attorney's performance, it is
necessary to determine if the proceeding was fundamentally unfair or
unreliable; a court should not focus the analysis on the outcome.

Id. at 547 (citations omitted). In Magna v. Hofbauer, 263 F.3d 542 (6th Cir. 2001), the Sixth

Circuit said that the analysis "also applies to claims of ineffective assistance of counsel

involving counsel's advice offered during the plea process."

### 1.  Counsel's Performance

With respect to the first prong of the Strickland test, Chapman asserts that his

attorney, John Belanger (Belanger), was ineffective.  Specifically, he says that Belanger

should have anticipated that the United States Supreme Court would rule that the

Sentencing Guidelines (USSG) in their then-mandatory form violated the Sixth Amendment,

and that the Supreme Court would render the USSG advisory.[1]

---

[1] The government said that Belanger provided competent counsel.  In support, it
references the plea hearing, where Chapman responded affirmatively that he was
satisfied with counsel.  Such an argument, however, was rejected in United States v.
Cronic, 466 U.S. 648 (1984). In Cronic, the Supreme Court held that, "If counsel is a
reasonably effective advocate, he meets constitutional standards irrespective of his
client's evaluation of his performance.  It is for this reason that we attach no weight to
either respondent's expression of satisfaction with counsel's performance at the time of
trial, or to his later expression of dissatisfaction."  Id. at n.21. (internal citations omitted).
Thus, the Court does not consider Chapman's statements regarding his satisfaction.

Chapman fails to meet this prong of the Strickland test.  Chapman was sentenced on March 23, 2004, three months before Blakely v. Washington, 542 U.S 296 (2004) (holding state guidelines system violated Sixth Amendment), was decided, and almost ten months before Booker, supra, was decided.  Belanger did not provide deficient counsel by failing to anticipate a Supreme Court decision overturning more than twenty years of federal sentencing law.  See Toaz v. U.S., Case No. 04-CV-148 (W.D. Mich., Mar. 7, 2005) (Quist, J.) (citing Green v. U.S., 65 F.3d 546 (6th Cir. 1995) (failure to predict future  decisions does not render counsel ineffective)).  Counsel need not be clairvoyant to provide effective assistance; the Constitution requires competence, not divinity. Id.

## 2.  Prejudice

Assuming, arguendo, that Belanger's performance was deficient under the first prong of the Strickland test, Chapman must still prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

Chapman fails this prong of the test as well.  Even if Belanger had anticipated the Sixth Amendment issue and raised it at the sentencing hearing, resulting in a finding that the mandatory USSG were unconstitutional, Chapman still would have been sentenced to the same 120 months.  Whether sentenced pre-Booker or post-Booker, a defendant is still subject to mandatory minimum sentencing laws.  This case dealt with 1,000 or more kilograms of marijuana.  Under 28 U.S.C. § 841(b)(1)(A)(vii), the sentencing court must sentence a defendant convicted of possession with intent to distribute such a quantity of marijuana to not less than 10 years (120 months) of confinement.  Because there is no probability, much less a reasonable probability, that the result of the proceeding would have

4

been different but for professional error, Chapman cannot establish prejudice.

## B. Procedural Default

Chapman's criminal history enhancement claim is not properly before the Court because he failed to assert the claim during the sentencing hearing or on direct appeal. Indeed, Chapman did not pursue a direct appeal.  A petitioner must raise all appealable issues on direct appeal.  See Bousley v. U.S., 523 U.S. 614, 622-23 (failure to raise plea issue on direct appeal will result in procedural default).  See also U.S. v. Carruth, 699 F.2d 1019, 1021, n.5 (9th Cir. 1983), cert denied, 464 U.S. 1039 (1984) (issues not raised on direct appeal are forgone).  § 2255 motions are not a substitute for the direct appellate process.  Sunal v. Large, 332 U.S. 174, 178 (1947).  To obtain collateral relief, a petitioner must meet the "cause and actual prejudice" standard.  Davis v. U.S., 411 U.S. 233 (1973). In other words, Chapman must show both an "objective factor external to the defense served as an impediment to raising the claim," and that the objective external factor worked to Chapman's actual and substantial disadvantage, "infecting his entire trial with error." U.S. v. Frady, 456 U.S. 152, 170 (1982).

### 1. Objective External Factor – "Cause"

Chapman cannot prove "cause" under the Frady test for two reasons.  First, the government correctly states that a successful ineffective assistance of counsel claim may work an objective external factor sufficient to overcome the "cause" prong of the test. Ratliff v. U.S., 999 F.2d 1023, 1025 (6th Cir. 1993).  For reasons already stated, Chapman cannot mount a successful ineffective assistance claim. Therefore, this avenue is closed to him.

Second, Chapman alternatively claims that the Court's finding that the conspiracy

involved 1,000 or more kilograms of marijuana, when he did not admit to that volume, constituted an objective factor external to his defense.  The government counters Chapman's assertion by stating that he testified to the quantity of marijuana at his plea hearing and that he agreed to the amount in the plea agreement.  The government's argument is well taken.  The plea agreement clearly states that 1,000 or more kilograms of marijuana was involved.  The plea hearing transcript plainly evidences that Chapman gave sworn testimony acknowledging that the conspiracy consisted of 1,000 or more kilograms of marijuana.  Chapman cannot satisfy the "cause" prong by asserting admitted conduct as the objective factor external to his defense.

### 2.  Actual Prejudice

Chapman's failure to satisfy the "cause" prong of the test is dispositive, and the Court need not address any claimed "actual prejudice."  Consequently, the criminal history enhancement claim is procedurally defaulted.

### C.  Booker Claim

Chapman also claims that he is entitled to relief in light of the Supreme Court's Booker decision.  In Booker, the Supreme Court held that the USSG are subject to the Sixth Amendment's jury trial requirements.  As written, the USSG required the sentencing court to make factual findings by a "preponderance of the evidence" standard.  The Sixth Amendment's jury trial requirements, however, mandate that facts used in fashioning a defendant's sentence must be found by the trier of fact beyond a reasonable doubt.  Booker, 125 S.Ct. at 756 (aff'g Apprendi v. New Jersey, 530 U.S. 466 (2000)).  Consequently, the Supreme Court also held that 18 U.S.C. § 3553(b)(1), making the USSG mandatory, was unconstitutional.  Id.  As a result, the USSG are advisory, though they

must still be considered by the sentencing court under 18 U.S.C. § 3553(a)(4).  Id.

Chapman's Booker claim must fail for two reasons.  First, he admitted that the drug

offense involved 1,000 kilograms or more of marijuana:

> C.      The parties stipulate to the following, which the U.S. Attorney is prepared to prove the following as an accurate factual basis for defendant's guilty plea with respect to each count:
> Count Two – Defendant agrees that between January 1999 and April 2002, in the Eastern District of Michigan, defendant entered an agreement with one or more individuals, including Brock D. Spearman El, a.k.a "B," a.k.a. "Anthony Brock," and Fate Navar Martin, Jr., a.k.a. "Fado,, [sic] to possess with intent to distribute and to distribute 1000 or more kilograms of a mixture or substance containing a detectable amount of marijuana.

Chapman also acknowledged that 1,000 or more kilograms of marijuana was involved

when asked by the Court at the plea hearing:

> The Court:  How much marijuana was involved?
>
> The Defendant:  I'm not sure on the quantity, sir.
>
> The Court:  How much money was involved?
>
> The Defendant:  I'm not sure on that.  That was kept from me.
>
> The Court:  But you knew that it was a lot of marijuana?
>
> The Defendant:  Yes.
>
> The Court:  What?
>
> The Defendant:  Yes, sir.
>
> The Court:  What's the quantity here?
>
> Ms. Gibbs [Assistant U.S. Attorney]:  1,000 or more kilograms, Your Honor.
>
> The Court:  You acknowledge it was more than 1,000 kilograms, that's 2,200 pounds, right?
>
> The Defendant:  Yes, sir.

Facts admitted by a defendant need not be proved beyond a reasonable doubt. Booker,

125 S.Ct. at 756.  Because Chapman's charged offense involved 1,000 or more kilograms of marijuana, the 10-year statutory minimum sentence required under 28 U.S.C. § 841(b)(1)(A)(vii) was triggered.  Because Chapman only received the 120 months required by law, his claim that the Court unlawfully sentenced him on facts neither admitted to nor indicted by the grand jury is without merit.

Second, even if the Court had impermissibly sentenced Chapman, he would not be entitled to retroactive relief under Booker.  The Sixth Circuit has ruled that the new procedural protections afforded by Booker do "not apply retroactively to cases on collateral review."  Humphress v. U.S., 398 F.3d 855, 860 (6th Cir. 2005).  The Sixth Circuit concluded that, although Booker established a new rule of criminal procedure, it failed to meet the criteria for retroactive application to cases on collateral review as set forth in Teague v. Lane, 489 U.S. 288 (1989).  Toaz at 5.  Because a § 2255 motion is a motion for collateral review, Chapman's Booker claim would still fail under Humphress.

## VI.  Conclusion

Chapman had competent counsel as required by the Sixth Amendment.  Belanger was not deficient for failing to object to the USSG that did not apply at Chapman's sentencing.  Also, Belanger was not deficient for failing to object to the quantity of marijuana involved in the conspiracy, because Chapman admitted the amount in open court at his plea hearing and in the plea agreement he signed.

In addition, Chapman's Booker claim must fail for two reasons. First, he was not sentenced under the USSG because a statutory mandatory minimum sentence was required upon his admission that the conspiracy involved 1,000 or kilograms of marijuana. Second, even if he had been sentenced under the USSG, Booker relief is not available on

a § 2255 motion for collateral review.

      SO ORDERED.


                                s/Avern Cohn

Dated:  July 5, 2005                         AVERN COHN
                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 5, 2005, by electronic and/or ordinary mail.

                                s/Julie Owens
                          Case Manager, (313) 234-5160