UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMALL CHAPMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Criminal No. 02-81149-07
Civil No. 05-71211

HONORABLE AVERN COHN

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2255. Pro se petitioner Romall Chapman (Chapman) claimed that he is incarcerated in violation of his constitutional rights. Specifically, Chapman claimed that (1) he had ineffective assistance of counsel at sentencing, (2) his sentence is unlawful because it was based on facts that were neither admitted nor proved beyond a reasonable doubt, and (3) he should be re-sentenced in light of U.S. v. Booker, __ U.S. __, 125 S.Ct. 738 (2005). The Court denied the motion. See Memorandum and Order filed July 5, 2005.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the

United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having reviewed Petitioner's notice of appeal, the Court finds, for all the reasons stated in the Memorandum and Order of July 7, 2005, that reasonable jurists would not debate the Court's conclusion that Petitioner is not entitled to relief under § 2255. Accordingly, a COA is DENIED.

SO ORDERED.

Dated:  August 4, 2005

          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, August 4, 2005, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5160

3